ANTONIO ROIG TORRELLAS, Plaintiff and Appellant, v. MIGUEL A. BUSTELO ET AL., Defendants and Appellants.

No. 4731. Argued November 27, 1929.—Decided February 17, 1930.

*González Fagundo & González Jr.*, for plaintiff and appellant. *Arturo Aponte*, for defendants and appellants.

Mr. Justice Texidor delivered the opinion of the court.

As the facts of this case are faithfully set out in the statement of the case and opinion of the District Court of Humacao and no question has been raised as to them on this appeal, we think that a reproduction here of the pertinent recitals in the said opinion will facilitate our task. The excerpts alluded to are as follows:

"Miguel A. Bustelo and his wife owned several farm properties, which they sold to Antonio Roig Torrellas by a private instrument dated December 23, 1922.

"Included among said properties was one containing 69 acres, situated in the ward of Antonio Ruiz, Municipality of Humacao.

"A few days after that sale, that is, on September 30 of the same year, Central Pasto Viejo, Inc., instituted in this District Court of Humacao an action (No. 8748) for legal redemption (*retracto legal*) against Antonio Roig and his wife and the Bustelo spouses, and alleged that the latter spouses were not the owners of the said property of 69 acres, which property did not exist as a tract, since the Bustelo spouses only owned several undivided interests or shares which altogether amounted to nine twenty-eighths of a tract, which, according to the registry of property, had an area of 200 acres, but on survey, was found to contain only 175.879 acres.

"On August 14, 1925, a judgment was rendered by this court in favor of the plaintiff in the said action of redemption, which judgment was affirmed on appeal by the Supreme Court of Porto Rico, and thereafter sustained by the United States Circuit Court of Ap-

peals at Boston, on appeal from the judgment of affirmance of our Supreme Court, said judgment thereby becoming final and conclusive.

"Pursuant to that judgment and in satisfaction thereof, plaintiff Antonio Roig Torrellas sold, assigned and conveyed to Central Pasto Viejo, Inc., all the rights and interests which he had acquired from the Bustelo spouses in the property in question, which rights and interests, according to the said judgment, consisted of undivided shares or portions (*condominios*) amounting to nine twenty-eighths of the said tract of 175.879 acres, at the price of $195.00 per acre, or a total of $11,029.20.

"The plaintiff Antonio Roig further alleges that although he had paid to Bustelo the sum of $13,455.00 for 69 acres which the latter had sold to him at the price of $195 per acre, and the plaintiff has received from Central Pasto Viejo, Inc., in accordance with the said judgment, the sum of $11,029.00, he has not been reimbursed the sum of $2,326.20, paid by him in excess of the true purchase price, which sum he has demanded of the Bustelo spouses without success: and plaintiff prays that the latter be adjudged to pay to him the said sum.

"The defendants, after denying some of the facts alleged in the complaint, pleaded in bar an agreement entered into between the plaintiff and the defendants, to the effect that the latter would not be liable for any deficiency in the area of any of the properties; the assignment or cession by the plaintiff to the corporation Central Pasto Viejo, Inc., of all rights and interests in each and every one of the contracts made with respect to the properties already mentioned; and that the plaintiff's action has prescribed under section 1375 of the Civil Code.

"All of the evidence introduced herein is documentary, and the first contention of the defendants is based on a certain clause in a deed of sale dated May 21, 1924,. executed between the parties herein and Central Pasto Viejo, Inc., which reads as follows:

" 'TWELFTH.—The sale having been made at a certain price for each unit of measure, the parties would be entitled to compensation in case the area of the properties should actually be greater or smaller. Accordingly, and inasmuch as Mr. Roig has long been in possession of the properties referred to in the present deed and knows their actual areas, since he has had them surveyed, it is agreed between the parties hereto that, regardless of what may have been stated or stipulated before, the Bustelo spouses will not be responsible for any deficiency of quantity, even though such deficiency should be

adverse to them, nor shall they claim for any difference in their favor.' "

In its judgment the court found for the defendant.

Plaintiff Roig Torrellas assigns in his appeal the following errors:

"*First.*—The court erred in construing independently clause 12 of the deed of May 21, 1924, executed before notary Francisco González Fagundo.

"*Second.*—The court erred in finding that by virtue of the deed of assignment of May 23, 1923, executed by Bustelo in favor of Central Pasto Viejo, Inc., before notary Luis Toro Cabañas, the party liable in this case would be Central Pasto Viejo, Inc.

"*Third.*—The court erred in declaring the action prosecuted herein as barred under section 1375 of the Civil Code, which it thereby improperly applied."

Because of its importance, we think it advisable to consider first the third assignment of error.

The appellant's argument is substantially as follows: Granting that the case should be governed by section 1375 of the Civil Code, the time for the prescription should be computed from March 22, 1927, when the judgment of redemption (*retracto*) was satisfied and Roig received from Central Pasto Viejo the sum of $11,029.20, since Roig was not entitled to recover anything during the pendency of the action to redeem.

This contention is erroneous. Actions arising from sections 1372, 1373 and 1374 of the Civil Code refer to the delivery of the thing sold, which is an obligation of the vendor. Such actions are provided on grounds independent of the right of legal redemption accruing to a third person, who is neither the vendor nor the vendee.

It should be noted that the second paragraph of section 1372 reads as follows:

"If the sale of real property should be made with a statement of its area, at the rate of a certain price for a unit of measure or number, the vendor shall be obliged to deliver to the vendee, if the

latter should require it, all that may have been mentioned in the contract; but should this not be possible, the vendee may choose between a proportional reduction in the price or the rescission of the contract, provided that in the latter case the decrease in the real estate is not less than one-tenth of the area given it.''

The expression ''to deliver to the vendee, if the latter should require it'', which was doubtless included in the said section to serve some purpose, demands special notice. It presupposes that the purchaser, conscious of his interest and of his rights, understands perfectly what he buys, and upon measuring or verifying the quantity purchased and discovering the deficiency, if any, he demands delivery of the outstanding portion. If he does not make such a demand, that, of course, is his business and his own loss; but the demand is indispensable for the purposes of the section. So much so, that the actions prescribed by the above quoted provisions are available only after the required demand for delivery of the entire thing contracted for has been made, and the condition implied in the expression ''but should this not be possible'' is present.

In the case herein it is to be noted that in a deed executed on May 21, 1924, in Humacao, before notary González Fagundo, by Miguel Bustelo and his wife, Antonio Roig Torrellas and his wife, and Central Pasto Viejo, Inc. (pp. 70–89 of the transcript of the record), the following appears as a part of clause 12 thereof:

''. . . Accordingly, and inasmuch as Mr. Roig has long been in possession of the properties referred to in the present deed and knows their actual areas, since he has had them surveyed, . . .''

Among the immovables mentioned in the said deed is included the property which is the object of this action and which is admitted to have been delivered, received, and surveyed without any claim having been made by the vendee Roig as regards such delivery, at least at that time.

But even if we disregarded the scope of section 1372 of the Civil Code, the case would still remain subject to the provisions of section 1375 of the same code, which read thus:

"Sec. 1375. The actions arising from the preceding sections shall prescribe after six months, counted from the day of the delivery."

The best rule of construction, should this section require interpretation, would be that set out in section 13 of the code, as follows:

"Sec. 13. When a law is clear and free from all ambiguity, the letter of the same shall not be disregarded, under the pretext of fulfilling the spirit thereof."

In reality, this rule is nothing more than what text-writers call literal construction.

We have here an admitted delivery and the lapse of several years from such delivery without any action having been brought; and there is no doubt as to the rule to be applied in the case at bar as regards prescription.

Apart from this, by clause twelve of the deed already cited the contracting parties, including Roig, agreed to a waiver, as to which no doubt can exist. The said clause is as follows:

"TWELFTH.—The sale having been made at a certain price for each unit of measure, the parties would be entitled to compensation in case the area of the properties should actually be greater or smaller. Accordingly, and inasmuch as Mr. Roig has long been in possession of the properties referred to in the present deed and knows their actual areas, since he has had them surveyed, it is agreed between the parties that, regardless of what may have been stated or stipulated before, the Bustelo spouses will not be responsible for any deficiency of quantity, even though such deficiency should be adverse to them, nor shall they claim for any difference in their favor."

The above clause precludes all liability on account of a deficiency or variation of acreage.

The errors assigned are without merit.

It appears from the record that the defendants also appealed from the judgment, but there is no showing that they

have perfected their appeal; nor have they filed any brief in support thereof, or in answer to the brief filed by the plaintiff.

The judgment appealed from should be affirmed.